**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4928**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REBECCA CHRISTINE JORDAN LAYEL,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-04-93)

———————

Submitted:  July 21, 2006          Decided:  August 14, 2006

———————

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Camille M. Davidson, THE FULLER LAW FIRM, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rebecca Christine Jordan Layel appeals her conviction and sentence of 100 months' imprisonment and three years' supervised release, following her guilty plea to conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000). On appeal, Layel asserts that ineffective assistance of counsel resulted in her plea when the evidence did not support her involvement in the conspiracy. As Layel acknowledges, her claim of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that her counsel was ineffective. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 S. Ct. 1407 (2006).

We find ample evidence on the face of the record supporting Layel's guilt in the conspiracy, such that her guilty plea does not appear to have been ill-advised. During the Fed. R. Crim. P. 11 hearing, Layel affirmed that she was, in fact, guilty of the charged conspiracy, and that she was pleading guilty knowingly and voluntarily. During her sentencing hearing, Layel stipulated to the factual basis supporting her guilty plea and to the facts as set forth in the presentence investigation report. Layel does not take issue with the sufficiency of the evidence of her involvement in the conspiracy; rather, she contends that she

- 2 -

was not a willing and voluntary participant in the conspiracy. She contends that her illegal actions "may not have been [undertaken] freely" because one of the co-defendants, Douglas Nelson, regularly carried a firearm and on one occasion when Layel owed him money, forced her to sign over to him money from her husband's disability check. However, there is no evidence on this record that Nelson ever threatened Layel with a firearm or in any other way coerced her into selling crack cocaine on a daily basis for months, as she admitted doing. Moreover, Layel admitted to facilitating the trading of crack cocaine for firearms on behalf of Nelson, again with no evidence that he was threatening her to gain her assistance.

We find the evidence sufficient to establish Layel's guilt of conspiracy on the record presented, and thus no ineffective assistance of counsel appears on the face of the record such that we would entertain Layel's claim of ineffective assistance on direct appeal. Accordingly, we affirm Layel's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -